Yvonne SIMMONS, Plaintiff,

v.

The DISTRICT OF COLUMBIA,
Defendant.

Civil Action No. 96–0775 RMU.

United States District Court,
District of Columbia.

Sept. 30, 1997.

Laura F. Einstein, Kohn & Einstein, Washington, DC, for Plaintiff.

James A. DeVita, Office of Corporation Counsel, Washington, DC, for Defendant.

## MEMORANDUM OPINION

### and

### ORDER

### Denying Defendant's Motion for Judgment

### as a Matter of Law

URBINA, District Judge.

## I. Introduction

Among the several issues presented to the court by the defendant's Rule 50 motion, is one of first impression requiring interpretation of the District of Columbia's Family and Medical Leave Act (FMLA).[1] Fed.R.Civ.P. 50. Having denied the Rule 50 motion on all grounds, the court specifically addresses herein the FMLA issue in order to amplify the record with the courts reasoning as it relates to contested aspects of the FMLA's administrative process requirements.

Plaintiff's complaint alleges that she was subjected to sexual harassment and retaliation in contravention of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, while working at the District of Columbia's Department of Public Works, Bureau of Motor Vehicles (BMV) in 1995. In addition, plaintiff claims that defendant violated the FMLA when she was not allowed to resume to her position or its equivalent upon her return from her medical leave. Plaintiff then filed the present action without pursuing administrative recourse. At the conclusion of plaintiffs case in chief, and again at the end of the defendant's case, during a jury trial, the defendant moved for judgment as a

---

1. The District of Columbia Court of Appeals had the occasion to address the exhaustion issue of the FMLA, but declined to do so. *Harrison v.* *Children's National Medical Center,* 678 A.2d 572 (D.C.1996).

matter of law on all claims.[2] Defendant urged the following: plaintiff failed to apply for FMLA leave; the record offered no evidence that the District of Columbia violated the FMLA; and that plaintiff did not exhaust her administrative remedies thereby rendering the court without jurisdiction to entertain the matter. Because the court concluded that there was a sufficient factual predicate for a jury to decide the issues on the facts presented and that the court's jurisdiction was not infirm, the court denied defendant's motion on all claims. However, for the reasons more fully discussed below, the court deems the FMLA claim worthy of brief discussion on an issue raised in support of its dismissal, namely, the exhaustion of administrative procedure.

## II.  Statutory Background

Under the FMLA, an employee of the District of Columbia is entitled to a total of 16 work weeks of family leave during any 24–month period for various family and medical reasons. *See* D.C.Code §§ 36–1302 and 36–1303 (1990). An employee must provide an employer with reasonable advance notice, "if the leave is foreseeable based on planned medical treatment or suspension." D.C.Code § 36–1303. The employer may request that the employee submit supporting documentation for the taking of medical leave. D.C.Code § 36–1304. Section 1305 guarantees that the employee will be restored, upon return from the leave, to his/her original position or an equivalent position and that the employee shall not lose any benefits or seniority associated with the position. D.C.Code § 36–1305.

Section 1309 describes an administrative enforcement procedure to be administered by the Mayor of the District of Columbia. It provides, in part, that the Mayor "shall provide an administrative procedure pursuant to which a person claimed to be aggrieved under [the FMLA] may file a complaint against an employer alleged to have violated [the FMLA]." Section 1309 requires that a complaint be filed within 1 year of the occurrence or discovery of the alleged violation. D.C.Code § 36–1309. Section 1309 also out-

lines the necessary steps in the administrative procedure for the aggrieved employee to file a claim. However, the section does not specify whether this administrative procedure is a prerequisite to filing a civil law suit in court. *Id.*

Section 1310 of the FMLA provides that an employee or the Mayor "may" bring a civil action against any employer to enforce the provisions of the FMLA in any court of competent jurisdiction within one year of the alleged violation. D.C. Code § 36–1310. However, § 1310 does not comment on § 1309's administrative procedure.

## III.  Discussion

█  Simply framed, the issue before the court is whether the interplay of § 1309 and § 1310 establishes an "exhaustion" prerequisite to a civil action, or, in the alternative, whether the FMLA simply provides alternative enforcement mechanisms allowing for administrative enforcement under § 1309 as well as enforcement by a civil action under § 1310.

### A.  Legal Standard

Pursuant to Fed.R.Civ.P. 50(a), a motion for judgment as a matter of law may be made at any time before submission of the case to the jury. Specifically,

> if during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgement as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue. *See* Fed.R.Civ.P. 50(a)(1).

██  In evaluating a Rule 50 motion, the court should not decide the motion based on which side it believes has the "better of the case." *Carter v. Duncan–Huggins, Ltd.*, 727 F.2d 1225, 1227 (D.C.Cir.1984). Because the granting of Rule 50 motions intrudes upon

---

2. Plaintiffs claims consisted of sexual harass-     ment, retaliation and a violation of the FMLA.

the jury's province, Rule 50 motions "should be cautiously and sparingly granted." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure.* § 2524, at 541–45 (1971).

## B. Statutory Construction

In this case, the exhaustion issue is purely a legal one which requires statutory construction and an examination of legislative history. It is well settled law that "if the statutory language is unambiguous, in the absence of a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive." *Reves v. Ernst & Young,* 507 U.S. 170, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993). In addition, "if the intent of [the legislature] is clear, that is the end of the matter; for the court ... must give effect to the unambiguously expressed intent of [the legislature]." *Norfolk v. American Train Dispatchers,* 499 U.S. 117, 111 S.Ct. 1156, 113 L.Ed.2d 95 (1991). In interpreting the FMLA provisions at issue, the court looks to the canons of statutory construction including plain language, the legislative intent and the FMLA regulations in order to arrive at its conclusion.

### 1. Plain Language and Legislative Intent

The operative language of the FMLA sections at issue does not provide for an exhaustion of administrative remedies. § 1309 of the FMLA requires the Mayor to provide an administrative process in which an aggrieved person may file a complaint.[3] § 1310 provides the vehicle by which an aggrieved person may file a civil action in court.[4] The only language with imperative import in either § 1309 or § 1310 is found in § 1309(a)'s language which mandates that the "Mayor **shall**

provide an administrative procedure ..." and the language in § 1310(b) which directs that "**No civil action may be commenced** more than 1 year after the occurrence or discovery of the alleged violation ..." (emphasis added).

In addition, the legislative history of the FMLA lacks any suggestion that it requires exhaustion of administrative remedies prior to initiating an action in court. In fact, Councilmember Charlene Drew Jarvis, when discussing these provisions, addressed the point head-on when she stated that "a grievance may be initiated *either* administratively *or* in the Superior Court of the District of Columbia." (emphasis added).[5] Clearly, the Council intended to provide an aggrieved person with two alternative routes to seek redress under the FMLA. One course is described in § 1309 which sets forth the administrative enforcement procedure, while the second avenue is set forth in § 1310 through enforcement by civil action in court. If the D.C. City Council intended that an aggrieved party exhaust administrative remedies under the FMLA as a prerequisite to filing a law suit, the Council would have specified the manner in which the exhaustion is to be accomplished. Therefore, the legislative history further supports the conclusion that an exhaustion requirement does not exist within the FMLA.

### 2. Regulations Implementing the FMLA

The regulations implementing the FMLA, while not providing a directive on the exhaustion issue, do provide a ray of illumination. D.C. Register, § 1600 *et seq.* The District of Columbia's Department of Employment Services issued a Notice of Final Rulemaking for the implementation of the Family and Medical Leave Act of 1990. On June 4, 1991, the

---

**3.** D.C.Code § 36–1309 states, in part.

(a) The Mayor shall provide an administrative procedure pursuant to which a person claimed to be aggrieved under this chapter may file a complaint against an employer alleged to have violated this chapter. A complaint shall be filed within 1 year of the occurrence or discovery of the alleged violation of this chapter.

**4.** D.C.Code § 36–1310 states, in part,

(a) Subject to the provisions in subsection (b) of this section, an employee or the Mayor may bring a civil action against any employer to enforce the provisions of this chapter in any court of competent jurisdiction.
(b) No civil action may be commenced more than 1 year after the occurrence or discovery of the alleged violation of this chapter.

**5.** REPORT ON THE DISTRICT OF COLUMBIA FAMILY AND MEDICAL LEAVE ACT OF 1990. BILL 8–892, MAY 30, 1990 AT P. 16–17.

D.C. City Council approved the FMLA rule-making which took effect upon the publication of the rules in the *D.C. Register*. While the rules do not address the issue of exhaustion of administrative remedies, they do offer support for the plaintiff's position in this case. Rule 1600.4 states that the FMLA "is remedial in nature and is to be construed liberally in favor of the employee." *D.C. Register* § 1600.4. Accordingly, Ms. Simmons' position in the present action should be viewed in a favorable light.

In addition, the rules provide an additional remedial alternative. Rule 1603.1 states that "an aggrieved person filing a complaint under the act with the Department may elect to have the complaint mediated as an alternative to the investigative process." Rule 1603.3 continues to explain that mediation is a voluntary process which at any time may be terminated if either of the parties so chooses. Thus, this court notes that in addition to an administrative track and a litigation course, an aggrieved person also has a mediation route provided by the regulations implementing the FMLA. Again, there is no mention that any one route is to be exhausted prior to taking another route.

Moreover, the language in Rule 1604.1 is also relevant to the present inquiry. That rule lies within the section entitled "Investigation", which refers to the course of the administrative process. Rule 1604.1 specifically states that an "aggrieved person shall file a written complaint with the Department alleging a violation of the act within one (1) year of the occurrence or the discovery thereof." *D.C. Register* § 1604.1. Similarly, both the § 1309 administrative process provision and the § 1310 civil action provision provide that an aggrieved party has one year to perfect a complaint. There is no indication that the administrative remedy must be exhausted prior to taking a claim to court. Therefore, the court concludes that the one year limitation within which to file a complaint frames the time for the aggrieved party to pursue *either or both* remedial avenues available. In other words, the aggrieved person has one year from the alleged wrongdoing or its discovery to lodge a complaint in an administrative or judicial forum. These referenced implementing regulations while not conclusive on the issue of exhaustion, further substantiate the statute's plain reading.

### 3. Statutory Provisions Should Not Be Rendered Superfluous

Defendant asks the court to interpret § 1309 as a prerequisite to the initiation of a civil action in that its subsection (e) directs that the entire administrative enforcement procedure "shall take no longer than 150 days to complete." D.C.Code § 36–1309(e). Subsection (e) states that "if the Mayor fails to make a reasonable effort to comply with the deadline requirements of the administrative enforcement provisions . . .," the complainant may file a civil action against the employer. Defendant relies on this language to assert that the exhaustion of this administrative process is a condition precedent to taking court action. As previously discussed, this position ignores § 1310, which allows for a complainant to file a civil action with a court of competent jurisdiction within the one year statute of limitations. In order to adopt the position of the defendant, this court would have to discard the broad empowerment for the bringing of a civil action provided in § 1310, ignore the one year statute of limitations indicated in this subsection and, require at the very least, that the "exhaustion", which may take 150 days or more, occur within what is left of the one year window for civil filing. In effect, such a reading would abrogate the clear language and intent of § 1310 rendering an outcome incompatible with the statute.

### IV. Conclusion

For the reasons stated above, the court concludes that the FMLA does not require exhaustion of administrative remedies prior to filing a civil action in court. Rather, the FMLA provides two alternative routes for an aggrieved party to seek redress for the alleged wrongdoing.

**ORDERED** that defendant's Motion for Judgment as a Matter of Law be and is hereby **DENIED**.

**SO ORDERED**.